UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VOICES UNITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:17-CV-00693-TWP-MPB |
| v. | ) |
| | ) |
| CARMEL CLAY SCHOOLS; PRINCIPAL, | ) |
| CARMEL CLAY HIGH SCHOOL, in his | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

## Defendants' Answer

1.  Voices United is a student group at Carmel High School that wishes to post a sign expressing support for abortion rights. Another student group, Teens for Life, was recently permitted to post an anti-abortion message for 10 school days as an exception to the High School's general policy of prohibiting student groups from posting advocacy signs in cafeterias and classrooms at the school. The High School has refused to extend a similar opportunity to post advocacy signs to Voices United, and in doing so has engaged in viewpoint discrimination in violation of the First Amendment of the United States Constitution. Voices United brings this action for declaratory and injunctive relief so that it may be permitted to engage in speech in the same manner as Teens for Life at Carmel High School.

**Defendants' Answer:** The Defendants deny the introductory paragraph of Plaintiff's complaint.

    2.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

**Defendants' Answer:** The Defendants admit paragraph 2 of Plaintiff's complaint.

    3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Defendants' Answer:** The Defendants admit paragraph 3 of Plaintiff's complaint.

    4.    Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

**Defendants' Answer:** The Defendants admit paragraph 4 of Plaintiff's complaint.

    5.    The cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Defendants' Answer:** The Defendants are without knowledge to either admit or deny paragraph 5 of Plaintiff's complaint but do state that no deprivation of rights secured by the Constitution of the United States has occurred.

6. Carmel Clay Schools is the public school corporation that operates several public schools in Carmel, Indiana, including Carmel High School.

**Defendants' Answer:** The Defendants admit paragraph 6 of Plaintiff's complaint.

7. The Principal of Carmel High School is the head administrator of Carmel High School, and is, among other things, ultimately responsible for implementing Carmel Clay Schools' policies at the High School.

**Defendants' Answer:** The Defendants admit the Principal of Carmel High School is the head administrator of Carmel High School but deny that he is "ultimately responsible" for implementing Carmel Clay Schools' policies at the High School. The ultimate responsibility belongs to the Board of Trustees of Carmel Clay Schools.

8. Voices United is a student interest club at Carmel High School.

**Defendants' Answer:** The Defendants admit that Voices United was approved as a student interest club on or about February 28, 2017, but are without knowledge to either admit or deny whether the club is actively still in existence.

9. Carmel High School allows students to form student interest clubs, which are formally recognized student groups that are permitted to meet and conduct activities on school grounds. To form a student interest group, students must obtain a faculty advisor, submit a form, and reapply every year to remain active.

**Defendants' Answer:** The Defendants admit paragraph 9 of Plaintiff's Complaint.

10. The High School currently has well over a hundred active clubs with a diverse range of interests.

**Defendants' Answer:** The Defendants admit paragraph 10 of Plaintiff's Complaint.

11. In November of 2016 one student interest group, Teens for Life, hung a banner in the High School cafeteria with a message that was critical of abortion practices.

**Defendants' Answer:** The Defendants admit that Teens for Life hung a banner in the High School cafeteria but state that the banner spoke for itself.

12. At the time, club signage was subject to restrictions on size and placement, and required approval by High School administrators. *See* Carmel High School, Old Sign Policy, attached as Exhibit 1.

**Defendants' Answer:** The Defendants state that Exhibit 1 speaks for itself.

13. Several students who found the banner offensive complained to school administrators and the administrators took down the banner.

**Defendants' Answer:** The Defendants admit that it received complaints about the sign and that the high school administration took down the banner but deny all other implications in paragraph 13 of Plaintiff's complaint, including that the banner was removed because of the students' complaints.

14. School officials claimed that the banner was removed not because of its message but because student clubs were only permitted to post signs that state time, date, and place of meetings, not messages on issues.

**Defendants' Answer:** The Defendants deny paragraph 14 of Plaintiff's complaint.

15. Teens for Life obtained legal counsel, who in December 2016 sent a letter to Carmel Clay Schools threatening legal action if the school did not permit Teens for Life to repost its banner in the cafeteria.

**Defendants' Answer:** The Defendants admit that they received a letter in December 2016 from legal counsel who purported to represent unspecified student members of Teens for Life and that the letter threatened non-specified legal action if the school did not permit Teens for Life to post a similar, multi-part poster in the cafeteria. The Defendants deny any other allegations in paragraph 15.

16. Carmel Clay Schools stated that student interest clubs were not permitted to post advocacy signs but to avoid litigation it would permit Carmel High School's Teens for Life club to re-post its banner in the school cafeteria for a period of 10 school days. *See* Carmel Clay Schools, Press Release, Feb. 17, 2017, attached as Exhibit 2.

**Defendants' Answer:** The Defendants admit that they issued the press release and state that the press release speaks for itself. They deny all other allegations in paragraph 16.

17. Around the same time, the High School issued a document clarifying its sign policy, including its content restriction, limiting signs to announcing the date, time, and location of club meetings. *See* Carmel High School, Student Interest Club Signage Rules, attached as Exhibit 3.

**Defendants' Answer:** The Defendants state that Exhibit 3 speaks for itself but that the document was issued "around the same time."

18. On February 24, 2017, the previously-removed Teens for Life banner was re-posted in the Carmel High School's main cafeteria. The banner remains posted, and it will be permitted through March 9, 2017.

**Defendants' Answer:** The Defendants admit that a Teens for Life banner was posted in the cafeteria, but state it has been removed since the filing of the complaint.

19. Voices United is an active student interest club that assists students in advocating for issues that they care about. Voices United, for example, connects students with the relevant school and public officials to enact the change the students seek, and provides forums for them to speak.

**Defendants' Answer:** The Defendants are without knowledge to either admit or deny the allegations in paragraph 19 of Plaintiff's complaint.

20. After Carmel Clay Schools announced that it would permit Teens for Life to post its banner for 10 days, Voices United sought permission from the High School to post a sign with an abortion rights message in the school's main cafeteria for 10 school

days. The sign would be the same size or smaller than the banner posted by Teens for Life.

**Defendants' Answer:** The Defendants admit that a general request was made to post a sign but are without knowledge to either admit or deny the remaining allegations in paragraph 20.

21.     Voices United sought to post the banner at the request of one of its members, and as part of its mission to assist students in advocating for their causes.

**Defendants' Answer:** The Defendants are without knowledge to either admit or deny paragraph 21 of Plaintiff's complaint.

22.     Voices United met multiple times with school administrators, but the High School refused to allow the sign, claiming that such a sign would violate the new student club sign policy, that Teens for Life had been granted an exception to the new policy, and that the exception would not be extended to Voices United.

**Defendants' Answer:** The Defendants deny that there were multiple meetings between high school administration and Voices United, but admit there was a single meeting between high school administration and Voices United during which there was a general discussion about a sign. Defendants deny that Voices United ever proposed a specific cafeteria sign to the high school administration, that Teens for Life was granted an exception to the new policy, and any other allegations in paragraph 22 of Plaintiff's complaint.

23. Voices United continues to want to post the proposed abortion rights poster in the High School's main cafeteria for 10 school days.

**Defendants' Answer:** The Defendants are without knowledge to either admit or deny paragraph 23 of Plaintiff's complaint.

24. At all times, the defendants have acted under color of state law.

**Defendants' Answer:** The Defendants admit paragraph 24 of Plaintiff's complaint.

25. Additionally, Voices United is being caused irreparable harm for which there is no adequate remedy at law.

**Defendants' Answer:** Defendants deny paragraph 25 of Plaintiff's complaint.

26. The defendants' refusal to allow Voices United to post signs in the same manner as Teens for Life is viewpoint discrimination that violates the First Amendment of the United States Constitution.

**Defendants' Answer:** The Defendants deny paragraph 26 of Plaintiff's complaint.

          Respectfully submitted,

          /s/ Alexander P. Pinegar, #26543-49

          Alexander P. Pinegar
          CHURCH CHURCH HITTLE + ANTRIM
          Two North Ninth Street
          Noblesville, IN  46060
          317-773-2190  (phone)
          317-773-5320  (fax)
          apinegar@cchalaw.com
          *Attorney for Defendants*

## **Certificate of Service**

This document was filed electronically on April 3, 2017. The following parties may access the document via the Court's ECF system:

Jan P. Mensz, Esq.
ACLU of Indiana
1031 E. Washington Street
Indianapolis, IN  46202
jmensz@aclu-in.org

Kenneth J. Falk, Esq.
ACLU of Indiana
1031 E. Washington Street
Indianapolis, IN  46202
kfalk@aclu-in.org

          /s/ Alexander P. Pinegar
          Alexander P. Pinegar, #26543-49